OPINION OF THE COURT
Frederick D. Dugan, S.
Decedent’s surviving spouse, Leon Crawford, has filed a notice of his election against her will (EPTL 5-1.1; SCPA 1421) and by order to show cause sought an accounting by the executor. An intermediate account has been filed, a certain cause of action of decedent having been sued and tried awaiting determination in Federal court.
As to the surviving spouse’s election against the will, the executor, Bernard Campbell, decedent’s son, alleges that the spouse has no right of election because he abandoned decedent.
Upon the hearing it was established that decedent and her spouse entered into an antenuptial agreement on May 20, 1978. (EPTL 5-1.1, subd [f].)
Counsel stipulated that certain documents be received in evidence; a letter from the spouse to decedent at the time he is alleged to have left the marital household, the transcript of the examination before trial of the spouse, the said antenuptial agreement and a memorandum decision in regard to a judgment received by the estate against the' spouse relating to money he took from joint bank accounts. No witnesses were called or examined. The case is submitted upon the stipulated exhibits and briefs filed by counsel.
The parties were married May 25, 1978, five days after the date and acknowledgment of the antenuptial agreement which provides that each party waives the right to *396 elect to take against the will of the other. The operative dispositive provisions of the agreement are:
“2. Second Party Agrees that upon her death her entire estate shall be distributed as follows:
“A. Second party’s son, Bernard Campbell, is to first receive the entire assets of Coyne Ranch House, Inc., including the real property and the buildings where said business is conducted, and in addition the entire assets of Coyne Ranch House, Inc., including the business, equipment, and the entire personal property located in and about the buildings located on said business location.
“B. The balance of Second Party’s estate is to be distributed as follows: One-half to Second Party’s Son, Bernard Campbell, to his own absolute use forever, and the remaining one-half of Second Party’s estate to First Party, Lee Crawford, to his own absolute use forever.”
Decedent died February 13, 1980, short of two years after the marriage, leaving a will dated August 6, 1979 which devised and bequeathed all property to her son who was named executor; no provision is made for the surviving spouse. The will was admitted to probate and letters testamentary issued April 7, 1980.
It is indicated that on or about July 10, 1979, the husband left the note for his wife and departed. Four days later, decedent was served with a summons in a divorce action which was never completed. The parties were still married at the time of her death.
“Under prevailing law and public policy, a duly executed antenuptial agreement is given the same presumption of legality as any other contract, commercial or otherwise. It is presumed to be valid in the absence of fraud” (Matter of Sunshine, 51 AD2d 326, 327, affd 40 NY2d 875; Matter of Liberman, 4 AD2d 512, 516-517, affd 5 NY2d 719, 721).
Here there is no suggestion of fraud, indeed it is conceded by the estate that the agreement was valid when executed.
The Court of Appeals states that with respect to. ante-nuptial agreements there is no special evidentiary or other burden on the party to the agreement who seeks to sustain *397 the agreement, here the husband. (Matter of Sunshine, 40 NY2d 875, 876, supra.)
Thus, the estate’s contention that the husband abandoned the wife is not a defense to the asserted antenuptial agreement whatever the competency or credibility of any proof offered on that contention. Nor, in view of the husband’s waiver of his right of election in the agreement, is it necessary to consider his asserted right of election or the defense of abandonment thereto under EPTL 5-1.2 (subd [a], par [5]).
There being a duly executed antenuptial agreement between the husband and decedent and the marriage not having been terminated at the time of her death, the husband is entitled under the applicable law to enforcement of the provisions of the agreement.